**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-1536**

SAMANTHA JEANNE GILMORE,

Plaintiff - Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  Kaymani Daniels West, Magistrate Judge.  (5:20-cv-02376-KDW)

Submitted:  November 9, 2023                    Decided:  November 16, 2023

Before AGEE and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** W. Daniel Mayes, SMITH, MASSEY, BRODIE, GUYNN & MAYES, Aiken, South Carolina, for Appellant.  Brian C. O'Donnell, Regional Chief Counsel, Katie M. Gaughan, Supervisory Attorney, Naomi Mendelsohn, Special Assistant United States Attorney, SOCIAL SECURITY ADMINISTRATION OFFICE OF THE GENERAL COUNSEL, Philadelphia, Pennsylvania; Adair F. Burroughs, United States Attorney, Andrew R. de Holl, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samantha Jeanne Gilmore appeals the magistrate judge's order upholding the Administrative Law Judge's (ALJ) denial of Gilmore's application for disability insurance benefits.[*] "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

We have reviewed the record and perceive no reversible error. The ALJ applied the correct legal standards in evaluating Gilmore's claim for benefits, and the ALJ's factual findings—including his determination of Gilmore's residual functional capacity and

---

[*] Gilmore consented to proceed before a magistrate judge.

2

assessment of her subjective complaints—are supported by substantial evidence. Accordingly, we affirm the magistrate judge's judgment upholding the denial of benefits. *Gilmore v. Comm'r of Soc. Sec. Admin.*, No. 5:20-cv-02376-KDW (D.S.C. Mar. 11, 2022). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*